# STATE OF MICHIGAN

# COURT OF APPEALS

In re HART, Minors.

UNPUBLISHED
October 10, 2016

No. 332435
Montcalm Circuit Court
Family Division
LC No. 2014-000679-NA

Before: SAWYER, P.J., and MARKEY and O'BRIEN, JJ.

PER CURIAM.

Respondent appeals as of right the circuit court's order terminating her parental rights to the minor children, HH and DH, pursuant to MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j).[1] We affirm.[2]

Respondent and the children's father have four children together: HH, DH, and two others not involved in this appeal.[3] The entire family has had numerous encounters with child protective services in Michigan as well as in Florida, which is where they resided prior to moving to Michigan. Allegations against respondent have largely focused on her inability to adequately care for and protect the children, which has resulted in each child's poor behavior and involvement in the delinquency system. Specifically with respect to HH, the record reflects that HH sustained serious burns from an "erupted" bonfire while respondent was sleeping, that HH consistently demonstrated poor hygiene and possible intoxication at school, and that HH was involved in a variety of other inappropriate behavior that could have been prevented but for respondent's failure to supervise the children. Additionally, as indicated above, all the children,

---

[1] The circuit court expressly cited subsection (c) in reaching its statutory-grounds determination, but it appears that subsections (g) and (j) were also found by clear and convincing evidence. In any event, only one statutory ground need be proved by clear and convincing evidence, and respondent does not challenge the circuit court's statutory-grounds determination on appeal. *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011).

[2] The parental rights of the children's father, who was incarcerated in Florida throughout the entirety of this case, were terminated as well and are not at issue in this appeal.

[3] The other two children were 16 and 17 years old, and their permanency plans were changed from adoption to independent living.

including HH and DH, were involved in the delinquency system and subject to physical aggression from other children and adults who were in respondent's home.

Thus, in November 2014, the Department of Health and Human Services (DHHS) petitioned for the children's removal, and the circuit court granted that petition. Over the next 15 months, respondent was provided a variety of services designed to improve her ability to care for and supervise the children. Despite her participation in these services, respondent made little to no progress in improving her ability in that regard. Consequently, DHHS filed a supplemental petition in February 2016, alleging that respondent had not rectified the conditions that led to adjudication and was not able to adequately care for HH and DH. Specifically, DHHS alleged that respondent did not benefit from counseling and parenting services, did not attend several parenting visits and failed to behave appropriately in those that she attended, failed to provide proof of employment and monthly budgeting, failed to provide adequate housing, and failed to acknowledge that she was responsible for the children's removal from her care.

In light of the above, the circuit court determined that clear and convincing evidence supported the termination of respondent's parental rights pursuant to MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j) as well as that termination of respondent's parental rights was in the children's best interests. On appeal, respondent challenges only the circuit court's best-interests determination. Specifically, respondent argues that the termination order must be reversed because the circuit court failed to properly consider the testimony of Dr. Dorothy Berg. Respondent also argues that the termination order must be reversed because the circuit court failed to make specific factual findings when reaching its best-interests determination. Finally, respondent argues that the termination order must be reversed because the circuit court failed to analyze each child's best interests separately. We disagree in all three respects.

A circuit court's determination that the termination of a parent's parental rights is in a child's best interests is reviewed for clear error. *In re White*, 303 Mich App 701, 713; 846 NW 61 (2014). A finding is clearly erroneous if this Court is left with a definite and firm conviction that a mistake was made. *In re HRC*, 286 Mich App 444, 459; 781 NW2d 105 (2009). In reaching its best-interests determination, a circuit court may consider a variety of factors, including, for example, the child-parent bond, the parent's ability to parent, the child's need for permanency, stability, and finality, any advantages of the foster home over the parent's home, the length of time that the child has been in foster care, the child's age and need for permanency, the likelihood of the child being returned to the parent's home within a reasonable time, and the parent's compliance with a case-service plan. See, e.g., *In re Frey*, 297 Mich App 242, 248-249; 824 NW2d 569 (2012). When determining a child's best interests, circuit courts should focus on the child. *In re Moss*, 301 Mich App 76, 87; 836 NW2d 182 (2013).

Applying those factors to this case, we are not left with a definite and firm conviction that a mistake was made. *In re HRC*, 286 Mich App at 459. As the circuit court correctly recognized, respondent struggled to participate in and did not benefit from the services that were provided. Despite her participation in counseling and parenting classes, respondent consistently remained unable to adequately care for her children. Respondent remained unable to understand the children's emotional needs, including the fact that it was crucial that they be provided a calm, structured environment. Indeed, as the circuit court correctly pointed out, rather than take responsibility for her shortcomings, respondent repeatedly blamed others and refused to

recognize her role in the children's removal. Conversely, the children were thriving in foster care. Both children's therapists testified that the children needed permanency, stability, and structure in order to succeed, and it is clear that their foster placement, not respondent's home, can provide that going forward. The record also reflects that both children's behavior improved substantially since their removal, and they each expressed concern over whether they would revert back to their poor behavior in the event that they were returned to their mother's care. In sum, respondent's failure to adequately benefit from services, when compared with the children's need for permanency and improvement in foster care, provided clear and convincing evidence to support the circuit court's best-interests determination.

On appeal, respondent first argues that the circuit court failed to adequately consider an opinion rendered by Dr. Berg. The record reflects otherwise. The circuit court considered Dr. Berg's opinion, and it ultimately concluded that it was premised on inaccurate statements. Specifically, as the circuit court explained, "it was a self-report situation and in that self-report situation there were several inaccurate comments made to Dr. Berg by [respondent] which brings the validity of that follow-up psychological report clearly into question." Thus, the circuit court did not err in questioning the ultimate validity of Dr. Berg's opinion. Respondent also argues that the circuit court failed to make specific factual findings with respect to its best-interests determination, but the record does not support this claim either. The circuit court's statutory-grounds and best-interests analyses were detailed and thorough (over ten transcript pages), and, while the circuit court relied, in part, on its statutory-grounds analysis in justifying its best-interests determination, it also made distinct factual findings with respect to the children's best interests as well. As an example, the record reflects that, while acknowledging the fact that respondent loved the children, the circuit court nevertheless found that termination was in the children's best interests in light of respondent's continuing inability to be able to provide for them on a variety of different levels, the children's improvement in foster care, and several other factors. Finally, we disagree with defendant's claim that the circuit court erred in failing to consider the children separately. See *In re White*, 303 Mich App at 715 (providing that the circuit court should consider children's best interests separately if they "*significantly* differ").

Affirmed.


/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Colleen A. O'Brien

-3-